# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

CARLTON FREEMAN                                                              PETITIONER

v.                                                       CIVIL ACTION NO. 5:17CV-P72-TBR

KENTUCKY PAROLE BOARD *et al.*                                  RESPONDENTS

## MEMORANDUM OPINION AND ORDER

Petitioner Carlton Freeman filed this *pro se* action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The Court conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases and entered a Show Cause Order directing Petitioner to show cause why his petition should not be dismissed for failure to exhaust his state court remedies. Upon review of Petitioner's response to the Show Cause Order (DN 21) and other filings by Petitioner following the Show Cause Order (DNs 19, 20, 23, and 24), the Court concludes that Petitioner failed to properly exhaust his state court remedies and that the petition must be dismissed.

Petitioner challenges the revocation of his parole. As grounds for his motion, he states, "Due-process violation by Kentucky Parole Board & Chairman Lee A. Vanhoose. Parole officer Eric Stagner failed to do his job." He alleges violations of the "United States Constitution, General Assembly, Universal Declaration of Rights . . . Due-Process violation." (Emphasis by Petitioner omitted.) Petitioner states that he appealed twice through the Kentucky Parole Board's appeal procedure. He states that he did not seek review in any state court. He states, "Kentucky Parole Board Laws only apply." As relief, Petitioner aske to be placed back on parole, given a new parole officer, and be placed in a "better halfway-house & staff and drug-free." He

additionally asks for "assistance" and placement in programs, medication, and monetary damages.

A federal court may not grant habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b);[1] *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."). "[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981); *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982). "A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Rose v. Lundy*, 455 U.S.at 518-19. Unless unusual or exceptional circumstances make it appropriate to reach the merits of a claim not first exhausted in the state court, the habeas petition should be dismissed. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir. 1996) (en banc). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, the petition showed that Petitioner exhausted his administrative remedies through the Kentucky Parole Board, but not in the Kentucky court system. The remedy for a prisoner

---

[1] Section 2254 provides, in pertinent part:
    (b)(1) An application for a writ of habeas corpus . . . shall not be granted unless it appears that:
    (A) the applicant has exhausted the remedies available in the court of the State; or
    (B)(i) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

who wishes to challenge the actions of the Kentucky Parole Board is to bring a mandamus action in state court. *Allen v. Wingo*, 472 S.W.2d 688 (Ky. 1971); *Evans v. Thomas*, 372 S.W.2d 798 (Ky. 1963). *See also Muhammad v. Ky. Parole Bd.*, 468 S.W.3d 331, 345 (Ky. 2015) ("Our law has long provided that a mandamus action against the Parole Board . . . will lie to challenge a parole revocation.") (citing *Shepherd v. Wingo*, 471 S.W.2d 718 (Ky. 1971); *Mahan v. Buchanan*, 221 S.W.2d 945 (Ky. 1949)); *Brockett v. Ky. Parole Bd., Justice & Pub. Safety Cabinet*, No. 2008-CA-002345-MR, 2010 Ky. App. Unpub. LEXIS 261, at *3 (Ky. Ct. App. Mar. 26, 2010) ("A parole board's alleged abuse of its authority may be addressed through a circuit court proceeding seeking a writ of mandamus to compel the Board to proceed properly."). Petitioner did not file any such action in state court, and the petition is subject to dismissal on this basis. *See Seaton v. Kentucky*, 92 F. App'x 174, 175 (6th Cir. 2004) (finding that § 2241 petition was properly dismissed for failure to exhaust state court remedies because the petitioner "never challenged the decision of the Parole Board denying him parole pursuant to a mandamus action in state courts"). However, before dismissing the action, the Court gave Petitioner the opportunity to show cause why the action should not be dismissed.

Petitioner responded to the Show Cause Order by filing a motion (DN 21) in which he requests the Court "to correct the error on document #18. Which states, that the Plaintiff/Petitioner didn't file a 42 U.S.C. § 1983 action with his 28 U.S.C. § 2254 action. Which the Plaintiff/Petitioner must do, and did."[2] Petitioner further describes his parole revocation hearing and states as follows:

> Thus, the Kentucky Parole Board is part of the Kentucky courts system. Plaintiff/Petitioner is stating that the Kentucky Parole is a part of the Kentucky Government Justice system. So when Plaintiff/Petitioner filed two appeals with

---
[2] Petitioner also requests the Court to correct several "errors" in his separate 42 U.S.C. § 1983 action which have no relevance to this matter.

3

the Kentucky Parole Board entity, Plaintiff/Petition had his appeal heard. Any other procedure by these entity's would of been futile. Plaintiff/Petitioner did try to file this matter with Kentucky Small Claims Court in Frankfort, Kentucky. But the Circuit Court keep giving the Plaintiff/Petitioner the run-around. By say they never got the complete. Or the complete wasn't filed right. Plaintiff/Petitioner did try two times to fix the problem with the defendant, Ms. Lee A. VanHoose.

With regard to Petitioner's request that the Court correct an error in the Show Cause Order, the Court presumes that Petitioner is making reference to the final paragraph of the Order which states that money damages cannot be recovered in a habeas corpus proceeding and that if Petitioner seeks money damages in connection with the alleged constitutional violations, he must do so through a 42 U.S.C. § 1983 action. To the extent Petitioner is arguing that he filed a separate 42 U.S.C. § 1983 action, there is no disputing that he filed such an action, *see Carlton Freeman v. Lee A. VanHoose*, Civil Action No. 5:17cv-71-GNS, and the Show Cause Order is not intended to suggest otherwise. Therefore, the motion to correct an error (DN 21) is **DENIED**.

Upon review of Petitioner's response to the Show Cause Order, it is evident that he did not file a mandamus action in state court as he is required to do to exhaust his claims. His argument that the Kentucky Parole Board is part of the Kentucky justice system and that his appeal to the parole board should satisfy the exhaustion requirement is without merit. Petitioner's attempt to file a case in Small Claims Court likewise does not satisfy the exhaustion requirement. Petitioner's other filings since the entry of the Show Cause Order do not bear on Petitioner's failure to exhaust his state court remedies. Nor do Petitioner's allegations give rise to special circumstances warranting federal intervention without exhaustion in this case.

Accordingly, the Court finds that the petition for a writ of habeas corpus pursuant to § 2254 must be dismissed.

**CERTIFICATE OF APPEALABILITY**

In the event that Petitioner appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Petitioner, *pro se*
 Respondents
4413.010